**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARRY HEBERT BORDAGES, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-02551-TLP-tmp |
| UNITED STATES SECRET SERVICE, et al., | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

Pro se Plaintiff James Harry Hebert Bordages, Jr., sued the United States Secret Service, several state entities in Tennessee and Texas, and various unknown defendants in May 2025, alleging civil rights violations under 42 U.S.C. § 1983. (*See* ECF No. 2.) Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. Because Plaintiff proceeded in forma pauperis, Judge Pham screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). Judge Pham issued a Report and Recommendation ("R&R") in August 2025 recommending that the Court dismiss the Complaint. (ECF No. 21.) His R&R notified the Parties that they had 14 days to object to the R&R. Plaintiff objected. (ECF No. 22.)

For the reasons below, this Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

Plaintiff sued here in May 2025. (ECF No. 1.) He also moved for other relief and filed other documents on the docket. (*See* ECF Nos. 3–19.) Judge Pham's factual findings do a good job of explaining the circumstances underlying Plaintiff's claims. (*Compare* ECF No 2 with ECF No 21 at PageID 103–04.)

> According to Bordages, [i]n or about August 2024, [he] was unlawfully arrested by United States Secret Service officials allegedly based on a 2014 parole revocation warrant issued by Texas. He claims that [t]he alleged warrant was never adjudicated in Texas, and that he was denied a probable cause hearing. He alleges that he "was held for 52 days without due process, and Tennessee authorities conducted a non-judicial mock hearing, denying [him] any opportunity to challenge the basis of confinement. He then claims that he was illegal[ly] extradit[ed] across state lines without due process, that Texas denied habeas relief without written order, and that he has now exhausted all state remedies. Moreover, Bordages claims that Tennessee continues to enforce a lifetime ban on [his] Second Amendment rights based on the now-disputed Texas conviction, violating the Ex Post Facto Clause and federal supremacy.

(ECF No. 21 at PageID 103–04 (internal quotation marks omitted)(internal citations omitted).)

Judge Pham sets forth reasons for the dismissal of the claims against each Defendant. (ECF No. 21 at PageID 107–11.) First, he recommends dismissal of the *Bivens* and § 1983 claims against the United States Secret Service and state agencies because they are precluded by sovereign immunity. (*Id.* at PageID 107–09.) He recommends dismissing the § 1983 claims against the Memphis Police Department ("MPD") and Shelby County Sheriff's Office ("SCSO") because Plaintiff has not identified an unconstitutional municipal policy or custom. (*Id.* at PageID 109.) Finally, Judge Pham recommends dismissing Plaintiff's claims against any John and Jane Doe defendants because "he has not pleaded any specific facts to identify these defendants or how they violated his constitutional rights." (*Id.* at PageID 110–11.)

The Court will now detail the applicable legal standard.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. But if there is an objection, the district court reviews the "properly" objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

With that in mind, the Court next turns to Plaintiff's objections for de novo review.

## OBJECTIONS

Plaintiff raises seven enumerated objections to the R&R. (ECF No. 22 at PageID 114–15.) His first objection is that the R&R recommends sua sponte dismissal before Plaintiff could serve the Defendants and that this violates due process. (*Id.* at PageID 114.) But Judge Pham correctly notes in his R&R that 28 U.S.C. § 1915(e)(2)(B)(i-iii) requires him to screen in forma pauperis complaints and dismiss any one that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus Judge Pham's conclusion that Plaintiff has failed to state a claim upon which relief can be granted does not violate Plaintiff's due process rights and was not improper. In fact, it is mandated by Congress.

Plaintiff's second objection is that Judge Pham improperly asserted sovereign immunity on behalf of Texas and Tennessee and that the Defendants must assert that affirmative defense for themselves. (ECF No 22 at PageID 114.) But "the Eleventh Amendment is a true jurisdictional bar that courts can — but are not required to — raise sua sponte at any stage in litigation . . . ." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). And this objection once again ignores the unique procedural posture of § 1915(e) screening. Courts regularly dismiss claims on sovereign immunity grounds under § 1915(e) screening. *Bradford v. Tennessee*, No. 2:25-CV-02873-BCL-ATC, 2026 WL 1967108, at *2 (W.D. Tenn. June 16, 2026), *report and recommendation adopted*, No. 2:25-CV-02873-BCL-ATC, 2026 WL 1964872 (W.D. Tenn. July 7, 2026) (citing *Buckley v. Tennessee*, No. 1:22-cv-1252-JDB-jay, 2023 WL 4554546, at *2 (W.D. Tenn. June 22, 2023), *report and recommendation adopted*, 2023 WL 4550932 (W.D. Tenn. July 14, 2023). Thus Judge Pham's conclusion is not only proper but mandated by Congress.

In a similar vein, Plaintiff's third objection is that Judge Pham misapplied the pleading standard under Federal Rule of Civil Procedure 12(b)(6) by "fail[ing] to engage the specific factual allegations and instead issue[ing] a generalized conclusion." But Judge Pham applied the correct standard for Rule 12(b)(6). (ECF No. 21 at PageID 106.) And Judge Pham analyzed each of Plaintiff's claims individually and gave specific reasons to find claim each lacking. (*Id.* at PageID 107–11.) Judge Pham concluded that Plaintiff failed to state a claim upon which relief can be granted—not a generalized conclusion. Plaintiff's confusion may be that his Complaint is sparse, difficult to parse, and crowded with legal errors. (*See* ECF No. 2.)

For Plaintiff's fourth objection, he contends that Judge Pham erred by not applying exceptions to sovereign immunity, which would prevent dismissal on those grounds. (ECF No.

22 at PageID 114–15.) While Plaintiff is correct that sovereign immunity can be waived sometimes and that § 1983 allows suits against state officials, he is incorrect that Defendants waived sovereign immunity here. And Judge Pham notes that sovereign immunity shields the states and state agencies that Plaintiff has named here. Section 1983 does not provide a cause of action against states themselves, and as Judge Pham correctly explained, sovereign immunity has not been revoked for § 1983 suits. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023) ("As for suits under § 1983, Tennessee has not consented to such lawsuits and Congress has not removed states' sovereign immunity under the statute.")

Fifth, Plaintiff repackages his first objection by claiming that pre-service dismissal is reversible error and that he should have a chance to amend his Complaint. (ECF No 22 at PageID 115 (citing *Roman v. Jeffes*, 904 F.2d 192, 196 (3d Cir. 1990).) Plaintiff fails to explain how Judge Pham's compliance with the § 1915(e) screening procedure is reversible error. Plaintiff also has not tried to amend his Complaint or explain how amending his Complaint would remedy the obvious flaws in it.

Sixth, Plaintiff next argues that Judge Pham was wrong to conclude that "Plaintiffs claims [fall] outside the scope of Bivens v. Six Unknown Named Agents . . ." because "Plaintiff alleges a classic Fourth Amendment violation - arrest and detention by federal officers without probable cause - the same constitutional injury recognized in Bivens." (*Id.*) But Judge Pham did not question the nature of Plaintiff's alleged injury. (ECF No. 21 at PageID 107–08.) He rejected Plaintiff trying to bring a *Bivens* suit against the Secret Service, which is prohibited by sovereign immunity. *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992) ("A Bivens action may be brought only against individual federal officials, not against the United States.")

*Bivens* suits, similar to § 1983 suits, provide an implied cause of action against federal officials not federal agencies.

Plaintiff's last objection simply restates the 12(b)(6) pleading standard and insists that his Complaint complies with it. As Judge Pham's R&R lays out, Plaintiff is wrong.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in the rest of Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

Judge Pham is correct that the *Bivens* and § 1983 claims against the Secret Service and Texas and Tennessee state agencies are precluded by sovereign immunity. *See Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023); *Jennings v. Abbott*, 538 F. Supp. 3d 682, 691 (N.D. Tex. 2021) ("The State of Texas has not waived its sovereign immunity from section 1983 claims. Nor has Congress abrogated sovereign immunity from section 1983 claims."). He is also correct that Plaintiff has alleged no municipal policy or custom that subject MPD or SCSO to *Monell* liability under § 1983. *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024). Plaintiff has also failed to plead any specific facts against unknown defendants. *See Williams v. Washington*, No. 2:24-CV-78, 2024 WL 3083260, at *4 (W.D. Mich. June 20, 2024) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints.").

With the above in mind, the Court agrees with Judge Pham that Plaintiff fails to state a claim upon which relief can be granted. And having found no clear error, the Court therefore **ADOPTS** the R&R to dismiss this action.

## CONCLUSION

The Court has reviewed Judge Pham's R&R and finds no clear error. And so the Court **ADOPTS** the R&R. Accordingly, the Court **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**SO ORDERED**, this 3rd day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE